# THE ATTORNEY GENERAL
# OF TEXAS
Gerald C. Mann
ATTORNEY GENERAL



Hon. William J. Lawson    Attention: Will Mann Richardson
Secretary of State
Austin, Texas       Opinion No. O-4525
                Re: Should the affidavit required
                by Article 2978a be required in

Dear Sir:            primary as well as general elections?

      You have asked the opinion of this department on the above question, calling our attention to the fact that the caption of House Bill No. 222, Chapter 547, Acts of the 47th Legislature, Regular Session, states that the purpose of the bill is to amend Article 2978, R.C.S., 1925, "by adding thereto a new Article to be known as Article 2978a prescribing additional requirements for the official ballot in general elections" (underscoring ours) whereas the body of the bill does not limit its application to general elections.

      Article 2978 is as follows:

      " n all elections by the people, the vote shall be by official ballot, which shall be numbered, and elections so guarded and conducted as to detect fraud and preserve the purity of the ballot. No ballot shall be used in voting at any general, primary or special election held to elect public officers, select candidates for office or determine questions submitted to a vote of the people, except the official ballot, unless otherwise authorized by law. At the top of the official ballot shall be printed in large letters the words ' Official Ballot'. It shall contain the printed names of all candidates whose nominations for an elective office have been duly made and properly certified. The names shall appear on the ballot under the head of the party that nominates them, except as otherwise provided by this title. No name shall appear on the official ballot except that of a candidate who was actually nominated (either as a party nominee or as a nonpartisan or independent candidate) in accordance with the provisions of this title. The name of no candidate shall appear more than once upon the official ballot, except as a candidate for two or more offices permitted by the Constitution to be held by the same person. The name of no candidate of any political party that cast one hundred thousand votes or more at the last preceding general election shall be printed on any official ballot

for a general election, unless nominated by primary
election, on primary election day, except as herein
otherwise provided.  Acts 1st C.S. 1905, p. 520."

Said House Bill No. 222 (including the caption, but
omitting the emergency clause) is as follows:

"An Act to amend Article 2978, Revised Civil
Statutes, 1925, by adding thereto a new
Article to be known as Article 2978a pre-
scribing additional requirements for the
official ballot in general elections; and
providing that certain persons shall not be
permitted to have their names on the offi-
cial ballot; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF
TEXAS:

"Section 1.  That Article 2978, Revised Civil
Statutes, 1925, be amended by adding thereto a new
Article to be known as Article 2978a, as follows:

"'Article 2978a.

"'Section 1.  No person shall be permitted
to have his name appear upon said  official ballot
as a candidate for any office in this State unless
and until he shall file with the Secretary of
State his affidavit, in a form to be prescribed
by the Attorney General, that if elected to the
office which he seeks, he will support and defend
the Constitution and Laws of the United States
and of Texas.  Said affidavit shall further recite
that such candidate believes in, approves of and
if elected will support and defend our present rep-
resentative form of government, and will resist any
effort or movement from any source which seeks to
subvert or destroy the same or any part thereof.
Use of the masculine term herein shall be construed
to include the feminine.

"'Section 2.  The name of no candidate or nomi-
nee of any political party whose principles include
any thought or purpose of setting aside representa-
tive form of government and substituting therefor
any other form of government shall be permitted on
said official ballot.

"'Section 3.  It is specifically provided that
no candidate or nominee of the Communist Party, or
the Fascist Party, or the Nazi Party, shall ever be
allowed a place on said official ballot.'

". . . ."

Hence it will be seen that the broad language of the new Article 2978a includes both general and primary elections, unless its application be limited by its caption to general elections.

The Constitution of Texas, Article 3, Section 35, provides as follows:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

While this provision of the Constitution is mandatory, yet the courts have uniformly held that, in order to sustain, if possible, the legislative section, it should be given a broad and liberal construction in its application to the act in question. 39 Texas Jurisprudence p. 80, and cases there cited. And the title of an amendatory act is ordinarily sufficient, when the act contains no new substantive matter not germane to the provision amended, if it merely specifies the chapter and section, or revision and article, to be amended. But where, as here, the caption of the amendatory act goes further and specifies the nature and scope of the amendment, then it precludes any different or broader amendment. 39 Tex. Jur. pp. 102 et seq. To the extent that the provisions of this bill go beyond the scope of its caption, therefore, the bill is void.

It is not permissible merely to disregard as surplusage the clause "prescribing additional requirements for the official ballot in general elections", since this clause so colors the whole caption as to lead to the conclusion that the provisions which follow apply to the official ballot in general elections only.

In an analogous case, the Supreme Court of Texas has held that the statute should be given effect within the limits prescribed by the caption. M. K. & T. Ry. Co. of Texas v. Mahaffey, 150 S. W. 881. The legislative bill involved in that case was one providing for the recovery of attorney's fees by successful plaintiffs in cases involving certain types of claims. The caption of the bill prescribed that it should be limited in its effect to "cases where the amount of such claims does not exceed $200". But the body of the law as enacted contained no such limitation. The Supreme Court, in reversing a prior decision of the Court of Civil Appeals, from which it had refused a writ of error (see Ft. Worth & D.C. Ry. Co. v. Lloyd, 132 S.W. 899), reached the following conclusions:

"    . . .

"(1) The proviso in the first section of the law cannot be harmonized with the limitation of the amount to $200 in the proviso, except by applying the same limitation to the body of the law.

"(2) The fact that the claimant of a sum exceeding $200 could receive no benefit under the act justifies the conclusion that the limitation in the caption determines the class of claims which were intended to be provided for. It would be unreasonable to include in the provisions of the law claims which could not be affected thereby.

"(3) We conclude that it was intended to provide only for the collection of claims not exceeding $200 in amount, and that there is no conflict between the title and the first section of the law.

"(4) The bill contains but one subject, and is not in conflict with section 35, article 3 of the Constitution."

We have found no later decision of the Supreme Court to the contrary.

It is therefore our opinion that the provisions of said House Bill 222 (A rticle 2978a) apply to the official ballot in general elections, and in general elections only.

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ W. R. Allen
W. R. Allen, Assistant

APPROVED APR 24, 1942
/s/ Grover Sellers
FIRST ASSISTANT A TTORNEY
GENERAL

APPROVED: OPINION COMMITTEE
BY: B.B, CHAIRMAN

WRA:mp:wb